Next case for argument, I guess everybody stays where they are, 22-1652 Schwendimann v. Stahls. Please proceed. May it please the Court. Your Honor, the Board's decision is another example of impermissible hindsight reasoning. The Board combined two references in this case to invalidate, Akata and Takao. But neither reference teaches that white canvas on which the image can sit. Instead, Akata teaches a transparent layer that sits on top of the image to protect it from being nicked or scratched. Takao teaches the use of a brightening agent for a whiteness-improving layer to create, but not to create, an opaque white canvas for image transfer. The Board put these references together only because Jody taught them to. Separately, Takao is not even analogous art. Takao is for printing on a piece of paper. It does not transfer an image from one surface to another, so how can it be analogous art for a patent about image transfer, let alone the special case of image transfer onto dark fabric? And lastly, the Board erred in its motivation to combine. The Board used two specific prior art combinations to find obviousness. The Board used a third, totally different combination to find motivation, and that's not permissible. To establish obviousness, the Board relied on combinations that add a pigment to what has been the transparent layer in Akata, and to establish motivation, the Board relied on a different combination that added an entirely new layer to hold the white pigment. This, too, is a reversible error. The same combination must be used to establish both obviousness and motivation. If you have no other questions, that's all I have. Thank you. Your Honor, the first issue on appeal is whether or not Takao is analogous art, and I submit that the Board properly found through substantial evidence that it was. The test for analogous art is to evaluate the embodiments, the function, and the structure of the claimed invention, and that's what the Board did here. The Board found the 475 patent, Schwendemann's patent, this particular one, was directed to a thermal image transfer system. And what's important here is that the Board properly found that the claims at issue here are directed to an article of manufacture, not methods, nothing about the claims talk about dark fabric or how you do it, but instead are directed to a particular sheet and a sheet configured to receive an image. And so the Board properly found that Takao is analogous art, and it looked at substantial evidence to do that. So the first thing it looked at to figure out what the 475 patent was directed to, it looked at the specification and it found that the specification of Ms. Schwendemann's patent broadly defines what her invention is. It's unrestricted to what you print on. It's not just dark fabric. She says you can use this with paper or other types of flexible materials that would receive the image. You can use it with any type of ink or any type of substrate. They looked at the claimed invention. The Board looked at the claimed invention and said these claims are directed to an article of manufacture. Again, a sheet that's configured to receive an image, not necessarily restricted to something that transfers an image once it's been received. And so the Board went on and looked at Takao's teaching and said this is definitely within that field of endeavor. It looked at the background. It looked at the field of invention portion of the specification of Takao. And there it found that, in fact, Takao says that it's directed to thermal transfer imaging systems. It looked at the background art that's described in Takao. Again, found that it was directed to thermal transfer imaging systems. It looked at the body of Takao. And if you look at Appendix 1687 at Column 7, Line 63 through Column 8, Line 4, that portion of Takao talks about the actual transfer of an entire image from an image transfer sheet to an object. So it's definitely within the same field of endeavor. Lastly, the Board found, based upon Dr. Scott's testimony, that these were very, very similar structures. And as we laid out in the brief, they line up next to each other. Mischwendemann's structure is identical to Takao's structure when you look at them side by side. So the Board had plenty of evidence, substantial evidence, to find that they are in the same field of endeavor. If that wasn't enough, the Board also found the second part of analogous art, which is that they were both reasonably pertinent to the same problem. We really have read the Board opinion quite thoroughly. I'm sure you did. Okay, thank you. I will move past that because it really wasn't addressed. Let me talk about the motivation combined for a moment. The Board clearly found that there was a motivation to combine the teachings of Takao with Akata. So if you remember, Akata teaches everything that's in these claims, with one exception. Akata has the white pigment in the outermost ink receptive layer, which is one of the embodiments of Mischwendemann, but just not the claim embodiment. And Takao teaches that you can improve upon the whiteness of the background of the image if you move the white pigment from the outer layer, from the ink receptive layer, down to one of the middle layers, a separate layer below that. And the Board properly found that Takao taught that. What we're relying upon Takao for is the motivation for a person of ordinary skill in the arts to move the white pigment in Akata's outer layer to a lower layer, to a separate layer. And the Board properly found that Takao's teaching did that. Takao first talked about the Japanese patent application as the prior art, and said, look, this prior art reference has the white pigment in the outer layer, and it causes a problem because the image isn't as clear when you print on it. And so its solution was to move the TiO2, or the titanium oxide, from that outer ink receptive layer to a lower layer, to a separate layer by itself. And that's laid out very explicitly in there. Dr. Scott's testimony supports the Board's decision. Dr. Scott, this whole argument about water-soluble polymers, that's an argument that came up late in the proceeding on a reply brief, but Dr. Scott addressed that too. Dr. Scott said, the teaching of Takao is to move the titanium oxide from the outer layer, the ink receptive layer, to a separate lower layer. It has nothing to do with water-soluble polymers. And I will lastly stand on the briefs with respect to the opaque layer, because that wasn't addressed on the opening argument. Thank you. Thank you. Your Honor, I'll be very, very brief. But just to be clear, and you're not going to find anything different in the record, Takao absolutely has nothing to do with transfer of images to any other surface. It's basically printing on a piece of paper. In terms of Akata and the white pigment, there is no teaching in Akata whatsoever of a white pigment acting as a surface, to the extent that it is. Is it limited to printing on paper? I'm sorry? Is it limited to printing on paper? So when I say paper, there's a… If one took Takao and printed it on a T-shirt instead of on paper, would it be infringing? So Takao doesn't have, if you print it directly on a T-shirt, but it's… Takao only teaches… I just was testing your point that you said it's only printing on paper. Yeah, it's mainly paper or substrate-like paper, but it's not for transferring anywhere. If you practice Takao as is, there'd be no way to infringe Jody's patents with it because it's just printing. When they say thermal transfer system or whatever, it's just the ink. It's a type of ink that's being transferred onto the piece of paper. There's no transfer of an image from there to any other surface. It's just literally printing. When I say paper, it's a broad category of a bunch of different papers, but it's basically printing on paper. It's all Takao is. In terms of the white pigment in Akata, it's just for… The reason it's in that image-receiving layer is to make… It doesn't disclose it as a background for the image. It's just to help make the… It's a decorative part of making the image. How so decorative? This is true. You can see it in DeVries. You can see it in a bunch of other patents. Sometimes they just use pigment to… They have a design, and they want some additional pigment on there to make it sparkle, but it's not to provide a base sheet. No one teaches it as a, hey, here's a… I use the word canvas, but here's a canvas for your image to sit on. That is nothing like what any of them teach. When they say use some white pigment here or there, it's really to accentuate some image that they have on there, and they want a little bit more white. And so a lot of times when they're using pigment, it's just to provide a little bit of additional color, but it's not ever in the context of kind of what you said back, to have a white piece of canvas that you print on. And none of these, whether it's DeVries, it doesn't really matter. When they're all talking about it, and it's true about Akata, it's true about a lot of these, all they're saying when they're saying pigment is, hey, I've got roses, or I've got lilies, and I need a little bit of extra white, so throw some pigment on there. And so none of the…they just don't teach that background. And Takao, when they talk about a very specific solution, which is a water-soluble polymer with some brightening thing, it's not a background, it's not a layer, and in fact you couldn't use it with T-shirts, because if it's water-soluble, it's going to wash out in the wash. And so for those reasons, there is just absolutely no substantial evidence for this combination. Thank you. Thank you. Both sides. The case is submitted. That concludes our proceedings.